UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KYLIE OSSEGE,

       Plaintiff,                            Hon. Mark A. Goldsmith
                                                Magistrate Judge Anthony P. Patti

v                                                      No. 22-11251

OXFORD COMMUNITY SCHOOLS,
TIMOTHY THRONE, STEVEN WOLF,
NICHOLAS EJAK and SHAWN HOPKINS,

       Defendants.

_____/

| | |
|---|---|
| Deborah L. Gordon (P27058) | Timothy J. Mullins (P28021) |
| Elizabeth Marzotto Taylor (P82061) | Kenneth B. Chapie (P66148) |
| Sarah Gordon Thomas (P83935) | John L. Miller (P71913) |
| Molly Savage (P84472) | Annabel F. Shea (P83750) |
| Deborah Gordon Law | Giarmarco, Mullins & Horton, P.C. |
| *Attorneys for Plaintiffs* | *Attorneys for Defendants* |
| 33 Bloomfield Hills Parkway, Suite 220 | 101 W. Big Beaver Road, 10th Floor |
| Bloomfield Hills, MI 48304 | Troy, MI 48084-5280 |
| (248) 258-2500 | (248) 457-7020 |
| dgordon@deborahgordonlaw.com | tmullins@gmhlaw.com |
| emarzottotaylor@deborahgordonlaw.com | kchapie@gmhlaw.com |
| sthomas@deborahgordonlaw.com | jmiller@gmhlaw.com |
| msavage@deborahgordonlaw.com | ashea@gmhlaw.com |

## **STIPULATED PROTECTIVE ORDER**

1

The parties agree, and the Court has determined, that the parties may produce certain documents and information that are of a confidential, private, and/or sensitive nature, or that is protected from dissemination by state or federal law, including medical records, videos, pictures, student records, and other documents, ESI, records, or other evidence, that contain information of a confidential, private, and/or sensitive nature.

Disclosure of this confidential, private, and/or sensitive information outside of this litigation could have a detrimental impact on the parties. Therefore, the parties, by and through their attorneys, hereby stipulate to the entry of the following protective order:

**IT IS HEREBY ORDERED** as follows:

1. When used in this Order, "confidential documents" mean documents of a type contemplated by Federal Rule of Civil Procedure 26(c) which a party, in good faith, regards as confidential and not a finding by the Court that any such record is in fact confidential. The designating party in good faith believes that it is proprietary, trade secret(s), or other sensitive business or personal information, including medical records, text message, social medial content, phone records, tax records, educational records of non-parties, student identifying information, information protected by the Family Educational Rights and Privacy Act, and financial information. However, the Court in accordance with the provisions of the Federal Court Rules and relevant

case law shall, if required, make the ultimate determination of whether information is actually entitled to the designation "Confidential" and nothing in this Order shall be deemed to have altered the parties' burdens in establishing or disputing the propriety of any designation of confidentiality. Confidential documents will be marked "confidential — produced pursuant to protective order" or otherwise designated as "confidential." This protective order shall apply to all student educational records as defined by Family Education Rights and Privacy Act, 20 U.S.C. § 1232g, from Oxford Community Schools, whether marked "confidential" or not.

    2.    All confidential documents, as that term is defined by Paragraph 1, shall be used solely for the prosecution and/or defense of this action which shall include any appeal taken by any party.

    3.    Except as provided in Paragraphs 4 and 5, no document designated as confidential and no information contained in a confidential document may be disclosed to any person other than:

    a. The parties;

    b. Counsel for the parties;

    c. Secretaries, paralegal assistants and other employees of such counsel who are actively engaged in assisting counsel in the preparation of this action;

d. Persons noticed for deposition or persons who may be designated as witnesses, including outside consultants and experts retained for the purpose of assisting in the preparation of this action (whether or not said outside consultant or expert is retained to testify in this action);

e. Any facilitator/mediator who the parties have agreed to use in this case; or

f. Court reporters used in this case.

4. Except for counsel for the parties in this action and their employees, secretaries and paralegals covered by the provisions of Paragraph 3a. and 3b., disclosure to other persons shall be made only upon the condition that the party disclosing the confidential document or information shall inform the person that he or she shall not use, directly or indirectly, any information from the confidential documents of another party for purposes other than the prosecution or defense of this action or disclose such information to any person who is not permitted to receive such documents and information under the terms of this Protective Order.

5. A party may not designate a record obtained pursuant to a subpoena, FOIA request, voluntary production issued, served or requested in this matter to a non-party as "confidential". Materials obtained from sources other than the parties to this action or other than pursuant to discovery or voluntary production in this action shall not be deemed subject to this Protective Order.

6. Whenever a party objects to the designation of a document as confidential, and the opposing party objects to the designation, the designating party must apply to the Court for a ruling that the document shall be so treated, giving notice to the party producing the document, or in the case of a subpoenaed record to the party designating the record as confidential. Until this Court enters an Order changing the designation, the document shall be given the confidential treatment initially assigned to it and provided for it in this Order.

7. Documents produced or information covered by this Protective Order shall be made available only to persons authorized by this Protective Order. In the event that any documents or information covered by this Protective Order are used in any other court proceeding by anyone in anyway whether it be by way of introduction or reference, including, but not limited to the criminal prosecutions arising out of this subject incident, wherein the documents or information are not marked as confidential and made publicly available, it shall lose its confidential status through such use. In the event that any documents or information covered by this Protective Order are used in any other court proceeding, wherein a Protective Order governing their confidential status, the parties shall take all steps reasonably required to protect its confidentiality during such use. In the event that a party includes any documents or information covered by this Protective Order in any affidavits, briefs, memoranda of law or other papers filed in Court in this litigation,

the parties agree that they will first inquire with the other parties as to whether the documents may be filed in a redacted form to cure the confidentiality concern. The party designating the document as confidential pursuant to this Order may waive the confidentiality designation by providing written notice to the opposing party, or by express oral waiver of such designation during a deposition or other proceeding on the record.

8. All documents produced pursuant to this Protective Order shall be destroyed by Plaintiffs' counsel and/or Defendants' counsel after final disposition (including all appeals) of the case except any documents attached to any pleadings filed with the Court.

9. This Order does not authorize the filing of any documents or other matter under seal. Documents or other matter may be sealed only if authorized by statute, rule, or order of the Court.  A party seeking to file such items under seal shall file and serve a motion or submit a proposed stipulated order that sets forth: (i) the authority sealing; (ii) an identification and description of each item proposed for sealing; (iii) the reason that sealing each item is necessary; (iv) the reason that means other than sealing are available or unsatisfactory to preserve the interest advanced by the movant in support of sealing; and (v) a memorandum of legal authority supporting sealing.

10. Nothing in this Order shall prevent any party or nonparty from seeking modification of this Order or from objecting to discovery which it believes to be otherwise improper.

IT IS SO ORDERED.

Dated:  October 7, 2022                s/Mark A. Goldsmith
       Detroit, Michigan               MARK A. GOLDSMITH
                                                  United States District Judge

The undersigned stipulate to entry of the above Stipulated Protective Order.

Respectfully submitted,

| /s/ Deborah L. Gordon | /s/ Timothy Mullins |
|---|---|
| Deborah L. Gordon (P27058) | Timothy J. Mullins (P28021) |
| Elizabeth Marzotto Taylor (P82061) | Kenneth B. Chapie (P66148) |
| Sarah Gordon Thomas (P83935) | John L. Miller (P71913) |
| Molly Savage (P84472) | Annabel F. Shea (P83750) |
| Deborah Gordon Law | Giarmarco, Mullins & Horton, P.C. |
| *Attorneys for Plaintiffs* | *Attorneys for Defendants* |
| 33 Bloomfield Hills Parkway, Suite 220 | 101 W. Big Beaver Road, 10th Floor |
| Bloomfield Hills, MI  48304 | Troy, MI 48084-5280 |
| (248) 258-2500 | (248) 457-7020 |
| dgordon@deborahgordonlaw.com | tmullins@gmhlaw.com |
| emarzottotaylor@deborahgordonlaw.com | kchapie@gmhlaw.com |
| sthomas@deborahgordonlaw.com | jmiller@gmhlaw.com |
| msavage@deborahgordonlaw.com | ashea@gmhlaw.com |